## Case No. 2,236.

### In re BUTLER.

[6 N. B. R. 501;[1] 19 Pittsb. Leg. J. 146; 3 Pittsb. Rep. 369.]

Circuit Court, W. D. Pennsylvania. Aug. 10, 1871.

BANKRUPTCY—LANDLORD'S LIEN—LIABILITY OF ASSIGNEE FOR RENT.

1. Unless there is a seizure for rent as provided for in the Pennsylvania statute, the bankrupt act of eighteen hundred and sixty-seven gives the landlord no lien or preference over the bankrupt's other creditors.

[Cited in Longstreth v. Pennock, Case No. 8,488.]

[See Ex parte Joslyn, Id. 7,550; Morgan v. Campbell, 22 Wall. (89 U. S.) 381. But see, In re Dunham, Case No. 4,145; In re Wynne, Id. 18,117.]

2. Where premises are occupied by the assignee or trustee after adjudication, rent should be paid for the time they are so occupied as part of the administration of the estate.

[Cited in Re Hufnagel, Case No. 6,837.]

[See Commercial Bulletin Co., Case No. 3,060; Ex parte Faxon, Id. 4,704; In re Appold, Id. 499. But see Ex parte McGrath, Id. 8,808. Compare In re Yeaton, Id. 18,133.]

In bankruptcy.

By Samuel Harper, Register:

Henry Bockstoce, the claimant, leased to the bankrupt the buildings and premises, No. 127 Liberty street, in the city of Pittsburgh, for a term of five years, from October first, eighteen hundred and sixty-nine, at the rent of one thousand six hundred dollars a year, payable quarterly in advance. He has filed his two separate petitions; one of which shows that the rent due October first, eigh-

teen hundred and seventy, for the months of October, November and December, eighteen hundred and seventy, amounting to four hundred dollars, remains unpaid, and the other showing that the rent due January first, eighteen hundred and seventy-one, for the months of January, February and March, eighteen hundred and seventy-one, of the same amount, also remains unpaid. The claimant prays that the trustee be directed to pay to him the said two amounts in full, in all eight hundred dollars, on the ground that rent is in the nature of a lien, and must be paid in full. The bankrupt's petition for adjudication was filed January third, eighteen hundred and seventy-one. No distress warrant was issued either before or after.

When rent is in arrear, and a distress warrant is in process of execution when the petition in bankruptcy is filed, it is well settled that the landlord has a good and valid lien, and must be paid in full should the goods on the demised premises be sufficient. This is equally the case should the landlord have a lien for his rent upon the goods on the premises in any other manner. It is also well settled, that if the landlord has not a lien at the time the petition is filed, he cannot acquire one afterwards. In re Wynne [Case No. 18,117], decided by Chase, C. J. Some of the early annotators upon the act of eighteen hundred and sixty-seven have said, that as long as the property remains upon the demised premises it may be distrained. Such writers are in error; because, after petition filed, which is followed by adjudication, the property by operation of law is in the custody of the court, and is not liable to be taken in execution. When the bankrupt's petition for adjudication was filed there was rent in arrear, but no landlord's warrant had been issued, and there consequently was no lien by distraint. But was there a lien by operation of law? Unless the provisions of section eighty-three, act of sixteenth June, eighteen hundred and thirty-six (Pa. P. L. 777), constitute a lien, there was none. The section is as follows: "The goods and chattels being in or upon any messuage, lands or tenements which are or shall be demised for life, or years, or otherwise, taken by virtue of an execution, and liable to the distress of the landlord, shall be liable for the payment of any sums of money due for rent at the time of taking such goods in execution, provided that such rent shall not exceed one year's rent." Section eighty-four requires the sheriff to pay the rent due out of the proceeds of sale, and section eighty-five provides that proceedings on the execution shall not be stayed without the landlord's consent. I can find no law upon the Pennsylvania statute book giving the landlord a lien upon the property on the demised premises before proceedings under and by virtue of state law have been commenced, and under which it is seized.

---

[1] [Reprinted from 6 N. B. R. 501, by permission.]

The landlord cannot distrain until there is rent due by the terms of the demise, and the lessee is at liberty to remove his property from the premises before the distraint, and the lessor cannot follow it unless there is fraud in the removal. Before the rent falls due by the terms of the lease, the lessor has no lien for his rent, unless the lessee's goods are taken in execution under the provisions of the act of eighteen hundred and thirty-six. To constitute a lien under that act there must be a "taking by virtue of an execution" by a sheriff, coroner or constable. If there be no such taking there can be no lien, for that is the only basis of the landlord's right. It cannot be contended in this matter that there was such a taking on execution as was contemplated by the act of eighteen hundred and thirty-six. But it is contended, that by a liberal construction of the bankrupt act the provisions of the act of eighteen hundred and thirty-six can be made to apply here, by substituting the assignee for the executive officer of the state courts. To do this, however, would result in making a very motley system out of what to be constitutional must be uniform. If analogies can be drawn from the laws of this state, so can they be from the laws of all other states, and the bankrupt law, which must operate equally and uniformly over the whole Union, would operate as differently as the various systems of the several states. It is clear, upon the authority of In re Wynne [supra], no lien can be acquired after petition filed by any proceeding instituted in a state court. That case also decides that a distress warrant issued after petition is unwarranted, and cannot create a lien. The property of the bankrupt cannot be seized upon execution, and the landlord cannot obtain a lien in that way, under the act of eighteen hundred and thirty-six. That act is entitled "An act relating to executions," and if the provisions of the section already cited can be engrafted upon the bankrupt act, no good reason can be shown why the entire act should not be incorporated with it. If no lien is created until a seizure by virtue of an execution issued in pursuance of the act of eighteen hundred and thirty-six takes place, I cannot see upon what principle it can be said that under the bankrupt act the lessor has a lien when there is no such seizure.

The bankrupt act provides for no preference in favor of the landlord, and no such preference can be recognized in the national courts, unless there be a valid and subsisting lien at the time the petition was filed. The claimant in this matter had no lien at the time the bankrupt's petition was filed, because there was neither a distraint nor a taking by virtue of an execution. And whilst there is nothing in the act of eighteen hundred and sixty-seven which creates a lien for rent, there is a provision which places the lessor on the same common footing as the general body of creditors. The seventh clause of section nineteen provides, that "where the bankrupt is liable to pay rent or other debt falling due at fixed and stated periods, the creditor may prove for a proportionate part thereof up to the time of the bankruptcy, as if the same grew due from day to day and not at such fixed and stated periods." This provision was undoubtedly intended to cover cases where bankruptcy occurs before rent is due by the terms of the demise. If rent is payable quarterly, and bankruptcy intervenes before the end of the quarter, the landlord, in the absence of this provision, could not prove his claim, for nothing would be due or owing to him at the date of the filing of petition. This provision gives him the right to apportion. It is of much importance that this provision should not be lost sight of. It is evidence of the fact that congress had the rights of landlords in view when the act of eighteen hundred and sixty-seven was enacted, and it is equally true that congress did not intend a preference to landlords, unless they have it by the state laws. Where the judgment is not a lien by the state laws it will not be treated as a lien by the bankrupt court. In re McIntosh [Case No. 8,826]; In re Cozart [Id. 3,313]. A levy on personal property, not made in conformity with the state laws, was declared void in Beers v. Place [Id. 1,233].

In re Wynne, supra, Chase, C. J., held that the landlord was entitled to be paid in full, although there was no distress. In deciding the matter he said: "If a lien for rent existed, it was a lien to be discharged by the assignee and enforced in the United States courts of bankruptcy. If it did not exist, it could not be brought into existence by any proceeding whatever. The real question is, were the goods on the premises demised to the bankrupt subject to a lien for rent under the state law when the petition was filed, independently of any proceeding by distress or attachment. Liens are of various descriptions, and may be enforced in different ways; but we think it sufficient to say here what seems to be well warranted in principle and authority, that whenever the law gives a creditor a right to have a debt satisfied from the proceeds of the property, or before the property can be otherwise disposed of, it gives a lien on such property to secure the payment of this debt." Then follows a statement of the law of Virginia, the text of which is as follows: "If after the commencement of any tenancy a lien be obtained or created by deed of trust, mortgage, or otherwise, upon the interest or property in goods on premises leased or rented of any person liable for the rent, the party having such lien may remove said goods from the premises on the following terms, and not otherwise, that is to say, on the terms of paying to the person entitled to the same so much as is in arrear, and securing to him so much as is to become due; what is so

paid or secured not being more altogether than a year's rent in any case. If the goods be taken under legal process, the officer executing it shall, out of the proceeds of the goods, make such payment of what is in arrear; and as to what is to become due he shall sell a sufficient portion of the goods ·on a credit till then, taking from the purchasers bonds with good security, payable to the person so entitled, and delivering such bonds to him. If the goods be not taken under legal process, such payment and security shall be made and given before their removal. Neither this, nor the preceding section, shall effect any lien for taxes, levies or militia fines." Rev. Code Va. 1860, p. 169.

In the case before Chase, C. J., there was another very important element. In December, eighteen hundred and sixty-six, the bankrupt had executed a deed of trust to certain creditors, which was recorded the second day of March, eighteen hundred and sixty-seven. The creditors sought to enforce their lien under the deed of trust and the assignee resisted; but the deed of trust was held to be valid, and the court said: "But these creditors (under the deed of trust) by no process whatever could appropriate these goods to the satisfaction of their debts without paying or securing the year's rent; and so of process under execution." The fact that the lien under the deed of trust, which by the statute of Virginia was subordinate to the lien for rent, was sustained, seems to have been the reason for sustaining the landlord's lien. But even if there had been no deed of trust, as there was no execution, the landlord had a lien under the clause "If the goods be not taken under legal process, such payment and security shall be made and given before their removal." There is no such provision in the Pennsylvania statute, but on the contrary, the lessee may remove his goods at any time before distress or seizure upon execution and the landlord cannot follow them.

In a carefully considered case,—In re Joslyn [Case No. 7,550].—Drummond. J., held that, "where no distress warrant has been issued prior to the filing of the petition in bankruptcy, the landlord can have no priority or preference over the general creditors." The Illinois statute declares "that in all cases of distress for rent, the person who makes such distress, where the claim is less than one hundred dollars, shall file with a justice of the peace, and where it exceeds one hundred dollars, with the clerk of the circuit court, a copy of the distress warrant and an inventory of the property levied upon, and thereupon the party against whom the distress warrant shall have been issued, shall be duly summoned, and the amount due from him assessed and entered upon the records of the court finding the same, and then the court is to certify to the person or officer making the seizure, the amount so found due, and thereupon the officer is to proceed

to sell the property so distrained, and make the amount thus certified to him, and return the certificate so issued to him with an indorsement thereon of his proceedings, which return and certificate shall be filed in the proper court." Bankruptcy intervened between the warrant and certificate and it was held that the proceedings being in the nature of an attachment on mesne process were dissolved and the landlord required to prove his debt as an ordinary creditor.

Under the Pennsylvania statute of eighteen hundred and thirty-six the landlord has no lien as against the lessee himself, for as has already been said the latter may remove his goods any time before distraint, but he has a preference as against an execution creditor. The assignment vests in the assignee all the property of bankrupt, with all his rights, and subject to all his duties as they existed on the day the petition in bankruptcy was filed. If the landlord had no lien on the property as against the bankrupt on that day, he has none now as against the assignee, or trustee rather, for the latter's relation to the property is precisely the same as was the bankrupt's at that time. If the claimant in this matter had no lien then as against the bankrupt, he has none now as against the trustee. This much is said with reference to the landlord's rights against the goods on the demised premises. The rule in Pennsylvania as to his rights against the leasehold estate is different. Where the landlord reserves the right to re-enter, he has a lien for arrears of rent which is discharged by the sheriff's sale of the leasehold. Wood's Appeal, 6 Casey [30 Pa. St.] 274; Spangler's Appeal, Id. 277, note. These cases mark the distinction between the landlord's rights against the leasehold and his rights against the goods on the premises sold under an execution. In the case of a sale of the goods the landlord has a right to be paid his rent to the date of levy, whilst out of the proceeds of the leasehold he must be paid to the date of sale, as his lien continues until discharged by the sale. In the one case he has a preference over the execution creditor merely, in the other he has a lien upon the leasehold estate. In this matter the leasehold has not been reduced to possession by the trustee, but has reverted to the lessor. The funds in the hands of the trustee arose from the sale of the goods and chattels. It will be observed that the second quarter of rents claimed by the landlord began January first, eighteen hundred and seventy-one, but two days before petition filed, although by the terms of the lease the rent was due in advance. I think that, inasmuch as the trustee had possession of the premises to April first, the estate is liable to pay rent for that quarter as part of the administration of the estate. As to the residue of the claim the landlord must prove as an ordinary creditor.

The parties requested that the matter

might be certified to the judge for his decision. July 12, 1871.

To Hon. Wilson McCandless, LL. D., Judge.

I assent to the above. John Barton, for Trustee.

I assent to the ruling of the register as to the second quarter's rent, and dissent to the ruling as to the first quarter's rent. C. S. Fetterman, for Claimant.

McCANDLESS, District Judge. The opinion of the register is approved.

NOTE [from original report]. The decree of the district court was appealed from to the circuit court, in which, after argument. the following order was made by McKennan, Circuit Judge: "And now, to wit: December nineteenth, eighteen hundred and seventy-one, the decree of the district court overruling the exceptions to the opinion of the register is affirmed."

[NOTE. In a note to a report of this case in 3 Pittsb. R. 369, there appears a synopsis of Longstreth v. Pennock, Case No. 8,488, in which the foregoing case and In re Appold, Case No. 499, are cited.]